**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| DIEGO ALEJANDRO SOTO PARRA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03499-MBB |
| | ) | |
| MICHAEL SHIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Diego Alejandro Soto Parra (hereafter "Petitioner") petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, wherein he challenges his continued detention during his removal proceedings. He argues that Respondents (collectively "the Government") have wrongfully detained him without a bond hearing since July 21, 2026. Doc. 1 at 6-12. He asks the Court, *inter alia*, to order his immediate release. *Id*. at 12. Because Petitioner's detention is required pursuant to 8 U.S.C. § 1225(b)(2)(A) and does not violate procedural or substantive due process, the petition is **DENIED**.

**Standard**

Title 28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Rasul v. Bush*, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." *Vargas Lopez v. Trump*, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025); *see also Johnson v. Mabry*, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

**Background**

Petitioner is a citizen of Venezuela who entered in the United States on June 6, 2023. Doc. 1 at 3. After presenting himself to the Department of Homeland Security, he was placed in removal

proceedings, evaluated as an unaccompanied minor, and released into custody of a sponsor within the United States. *Id.* at 3-4. he was placed into removal proceedings and allowed entry into the United States. *Id.*

On July 21, 2026, Petitioner was taken into custody by local authorities who transferred him to the custody of the United States Immigration and Customs Enforcement ("ICE") on July 23, 2026. *Id.* at 6. Since being taken into custody, Petitioner has not received a bond hearing. *Id.*

Petitioner's removal proceedings and application for asylum remain pending. *Id.* at 3, 5. Accordingly, any order of removal entered against Petitioner is not yet final. *Id.*

**Discussion**

Petitioner raises four intertwined grounds for relief, alleging that his prolonged detention violates his rights under the Fifth Amendment because: (1) his detention does not serve a regulatory purpose because he is not a danger to the community or a flight risk; (2) his continued detention is arbitrary; (3) Respondents have not stated a clearly articulated statutory basis to detain Petitioner; and (4) the interests of the Government could be attained through reasonable conditions of supervision. Doc. 1 at 8-11. The Government argues the petition is without merit. Doc. 6 at 2-8. The Court addresses Petitioner's claims together because each turns on the constitutionality of his continued detention.

**I. *Avila* allows for Petitioner's continued detention**

The parties recognize that *Avila v. Bondi,* 170 F.4th 1128 (8th Cir. 2026), allows for continued detention for detainees seeking admission into the United States. Doc. 1 at 16-18; Doc. 6 at 2-4; Doc. 8 at 4; *see also Ocelotl-Aca v. Mullin*, No. 6:26-cv-03268-MBB, Doc. 7 (W.D. Mo. June 16, 2026) (discussing the continued detention requirement under 8 U.S.C. § 1225(b)(2)(A)). Petitioner attempts to distinguish his situation because he was a minor who was released into custody of a sponsor. Doc. 1 at 16. Petitioner does not argue his release constituted being admitted into the United States but rather asserts because his release history is materially different from *Avila* that case should not be binding. *Id.*

Generally, two statutory provisions provide for detention of aliens pending removal proceedings: INA § 235(b), codified at 8 U.S.C. § 1225(b); and INA § 236(a), codified at 8 U.S.C. § 1226(a). Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding

under § 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). Section 1226(a) provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). If the alien is detained, the Attorney General may continue to detain him or release him on bond or conditional parole. 8 U.S.C. § 1226(a)(1)-(2).

Petitioner is properly detained under § 1225(b)(2)(A) because he is an "applicant for admission" who is "seeking admission." *See* 8 U.S.C. § 1225(b)(2)(A). No immigration officer has determined that he is "clearly and beyond a doubt entitled to be admitted." *See id.* The fact Petitioner was a minor at the time of his entry to the United States or that he was released into the custody of a sponsor, does not require that his detention be considered under a different statute.

**A. Petitioner is an "applicant for admission."**

An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." *Avila*, 170 F.4th at 1133. "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other." *Sanchez v. Mayorkas*, 593 U.S. 409, 415 (2021). "An alien who is paroled . . . shall not be considered to have been admitted." 8 U.S.C. § 1101(a)(13)(B).

On this record, Petitioner has not shown that he has "made lawful entry into the country." *See Avila*, 170 F.4th at 1133. He is therefore an "applicant for admission" under § 1225(b)(2)(A).

**B. Petitioner is "seeking admission."**

If an alien is an "applicant for admission," he is also "seeking admission." *Avila*, 170 F.4th at 1134 (holding that "the structure of § 1225(b)(2)(A) does not indicate that 'seeking admission' is a separate requirement for detention under the statute"). In *Avila*, the petitioner entered the United States illegally in 2016. *Id.* at 1132. DHS encountered him during a traffic stop years later, arrested him, initiated removal proceedings, and held him without bond under § 1225(b)(2)(A). *Id.* The Eighth Circuit held that § 1225(b)(2)(A) authorized the petitioner's detention without bond. It explained that "an alien 'seeks admission' under the statute simply by being 'present in the United States' while having 'not been admitted.'" *Id.* at 1135 (citation omitted).

Here, Petitioner is present in the United States and has not shown that he has been admitted. He is therefore "seeking admission" under § 1225(b)(2)(A).

**C. No immigration officer has determined that Petitioner is "clearly and beyond a doubt entitled to be admitted."**

Petitioner does not allege, and the record does not show, that any immigration officer has determined that he is entitled to admission. He presents no evidence of any immigration determination relevant to admission. He is not "clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Section 1225(b)(2)(A) permits the Government to detain him without bond while his removal proceedings remain pending. Petitioner fails to set forth any factual basis to change the analysis under *Avila*.

**II. Petitioner's continued detention does not violate due process because the legislative scheme permits it.**

Petitioner argues that his detention without an individualized bond hearing violates procedural due process because it could be achieved through reasonable supervision conditions, no bond hearing has been held, it is arbitrary, and the Government has not cited statutory authority for his detention. Doc. 1 at 8-10. However, removable aliens like Petitioner may be detained pending removal proceedings "simply by reference to the legislative scheme." *Banyee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under § 1225 "has only those rights regarding admission that Congress has provided by statute"). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *Demore*, 538 U.S. at 531. The Court favorably cited § 1226(c)'s limitation of detention pending removal. *Id*. at 527-29 (holding that detention pending removal proceedings is not indefinite). In *Banyee*, the Eighth Circuit rejected the need for a multi-factor "reasonableness" test when evaluating the length of mandatory detention pending removal proceedings. 115 F.4th at 933. The Eighth Circuit held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" *Id*. (quoting *Demore*, 538 U.S. at 527). Although *Demore* and *Banyee* involved detention under § 1226(c), their constitutional reasoning applies here because § 1225(b)(2)(A) likewise directs detention only while removal proceedings remain pending, rather than authorizing detention without a statutory endpoint.

Petitioner does not dispute that his removal proceedings remain pending. Accordingly, § 1225(b)(2)(A) mandates Petitioner's detention while his removal proceedings remain pending, and

due process does not require his release or an individualized bond hearing under these circumstances. *See Banyee*, 115 F.4th at 932.

To the extent Petitioner asserts substantive due process, that claim also fails. Freedom from imprisonment lies at the heart of the liberty protected by the Due Process Clause, but detention during removal proceedings is a constitutionally valid aspect of the deportation process. *Zadvydas*, 533 U.S. at 690; *Demore*, 538 U.S. at 523-26. An applicant for admission detained under § 1225(b)(2)(A), like Petitioner, has no fundamental liberty interest in a bond hearing or release during the pendency of removal proceedings. *See Banyee*, 115 F.4th at 931-33; *Demore*, 538 U.S. at 523 n.7. Petitioner's detention is rationally related to the Government's legitimate interest in ensuring that, if ordered removed, he can be successfully removed. *See Demore*, 538 U.S. at 528. As Petitioner has no constitutional right to a bond hearing or to release during the pendency of his removal proceedings, the grounds set forth by Petitioner are without merit.[1]

## Conclusion

Petitioner's continued detention does not violate procedural due process or substantive due process. Accordingly, the Petition for a Writ of Habeas Corpus is **DENIED**. All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2026

[1] In his reply, Petitioner discusses other courts in this district have found that continued detention without a bond hearing under § 1225(b)(2)(A) violates due process. Doc. 8 at 7. But "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011).